ON APPELLANTS’ MOTIONS FOR CLARIFICATION, REHEARING, REHEARING EN BANC AND AP-PELLEE’S MOTION FOR REHEARING

PER CURIAM.
Appellants’ motions for clarification, rehearing, and rehearing en banc are denied. Appellee’s motion for rehearing is granted. For this reason, we have, by separate order, vacated this Court’s April 21, 2014, order denying fees. Upon review of the motion, we provisionally grant Appel-lee/Claimant’s motion for appellate attorney’s fees under section 440.34(5), Florida Statutes (2011), conditioned on Claimant’s success before the Judge of Compensation Claims (JCC). Specifically, if the JCC determines that the E/C successfully rebutted the occupational causation presumption, attorney’s fees shall be denied by the JCC. If, however, the JCC finds that the presumption was not rebutted, attorney’s fees shall be awarded in an amount to be determined by the JCC in accordance with the procedures set forth below.
Should appellate attorney’s fees be awarded, the parties may stipulate to the amount of attorney fees and costs and submit the stipulation to the JCC for approval pursuant to Florida Administrative Code Rule 60Q-6.124. Should appellate fees be awarded and the parties not stipulate, Claimant shall serve, and file with the lower tribunal, a verified petition to determine the amount of appellate attorney’s *1139 fees and costs within 15 days from the date of the order entered on remand. The verified petition shall include:
1. a statement of the facts relied upon including, but not limited to, a detailed chronological listing of all time and corresponding services devoted to the appeal, the usual hourly rate(s) of the attorney or attorneys performing the services, and any special circumstances relevant under any of the factors set forth in rule 4-1.5(b)(l) of the Rules Regulating the Florida Bar. The verified petition shall also include an opinion as to what amount or range of dollar values would constitute a reasonable hourly rate in the particular case and a reasonable fee amount;
2. a list of all exhibits to be offered in support of the amount of the fee award; copies of documents to be submitted as exhibits shall be attached to the petition;
3. a detailed list of all taxable costs advanced or incurred; and
4. a list of all witnesses to be called and a short statement, based on diligent investigation, of what each witness is expected to testify to.
Within 20 days after the verified petition is served, the opposing party or parties shall respond to the petition and shall include a recitation of all matters alleged in the verified petition which are disputed. If the time allegedly spent is in dispute, any party disputing the allegation of time spent shall, along with the verified response, produce a detailed chronological listing of all time devoted to the appeal by the disputing party on each entry on which there is any dispute. The respondent may also state opinions and facts as to any factor not addressed by the party filing the verified petition. In all other respects, the verified response shall be prepared in the same manner as the verified petition.
All parties shall promptly provide any amended or updated information in the same form in which the original information was provided.
The parties may waive a formal hearing before the JCC in which case the JCC shall decide the motion based on the verified pleadings. Mediation shall not be required. If there are disputed issues of fact and the parties do not waive an evi-dentiary hearing, the JCC shall hold the evidentiary hearing within 45 days of the date Claimant files and serves the verified petition for attorney’s fees. Accordingly, jurisdiction is hereby relinquished to the lower tribunal for a period of 90 days from the date of this order to determine entitlement to (based on the criteria provided above), and (if entitlement is awarded) the amount of, attorney’s fees.
Review shall be in accordance with Florida Rule of Appellate Procedure 9.400(c).
CLARK, MAKAR, and OSTERHAUS, JJ., concur.